Caroline Snyder and Her Husband, William Snyder, for the Use of said Caroline Snyder, Plffs. in Err., v. City of Lancaster.

A house which, by the destruction of an adjoining house in opening a city street, is deprived of its gable end, is, although not touched by the street itself, "injured" within the meaning of article 16, § 8, of the Constitution of 1874, and its owner is entitled to compensation from the city.

(Argued May 16, 1887. Decided October 3, 1887.)

July Term, 1886, No. 91, E., D., before MERCUR, Ch. J., GORDON, TRUNKEY, GREEN, and CLARK, JJ.    Error to the Common Pleas of Lancaster County to review a judgment on a verdict for the defendant in an appeal by the plaintiffs from a report of viewers.    Reversed.

This was an appeal from the report of viewers and an issue thereon to ascertain the amount of damages, if any, sustained by Caroline Snyder by reason of the laying out and opening of Filbert street, Lancaster city.

By an act of assembly, special to Lancaster city, passed in 1854, P. L. 352, it is provided "that if any house, out-house, stable, or other building be removed or injured by the opening or extension of any street or alley as aforesaid, the said jury shall estimate the value of such building or the injury done thereto, and present a statement thereof in their report, which amount, after confirmation by the court, shall be paid out of the city treasury."

And by another act of assembly, special to the city, passed in 1873, P. L. 811, providing for a new city plan, it is provided that "street damages shall be paid by the said city of Lancaster, and the county of Lancaster, in the manner and in the proportions directed by existing laws;" i. e., the county to pay for the land and the city to pay for the buildings removed or injured.

Plaintiff in error was the owner of a house and lot of land

fronting 16 feet 2 inches on the west side of St. Joseph street, Lancaster city. St. Joseph street runs north and south. The city of Lancaster laid out a street called Filbert street, running west from St. Joseph street. Adjoining the Snyder property on the north, and fronting on the west side of St. Joseph street 21 feet 3 inches, was the property of Ambrose Worth. There was a house built on the front of each of the lots, each house occupying the full front of the lot. Filbert street took all the Worth house except 3 feet on St. Joseph street, and about half way back the lots, Filbert street cut into the Snyder lot and at the rear of the two lots took all of the Worth lot and 3 feet of the Snyder lot. At the time the houses were built the same man owned both lots and built both houses. The Snyder house was built into the wall of the Worth house, the timbers resting on said wall; and it had no other gable end.

The plaintiff proved by Philip Stumpf: "This house is injured by the opening of Filbert street. . . . The house will have no gable end after the corner house is torn down. The corner house will be taken away by the street. . . . The girders of the Snyder house are joined in the corner house."

Christian Ferrich testified: "The Snyder property is injured; the gable end must come down. . . . It injures her property by reason of taking Mr. Worth's property."

This appeal was first entered from the assessment of damages by the jury against the city for injury to the Snyder house, and against the county for land taken from the north side of the rear of the Snyder lot. But the appeal as to the county was withdrawn, and the award of viewers against the county for the land taken was accepted.

The court below, LIVINGSTON, P. J., charged the jury, *inter alia,* that as Filbert street "does not come within 3 feet of her house, does not touch it anywhere; and there will be a portion of the house of Worth adjoining hers, and about 3 feet of his land between her building and Filbert street [she will not receive any injury, or sustain any damage by the opening of Filbert street, which the city of Lancaster is liable to pay. It is only liable to pay for buildings taken or injured by the opening of streets in said city. Her house not being taken or injured by the opening of this street, your verdict should be for the defendant.]"

Verdict and judgment were for defendant.

The assignment of error specified the portion of the charge inclosed in brackets.

*Philip D. Baker* and *G. C. Kennedy,* for plaintiffs in error.— Damages can be recovered for injury to a house, where the house is not actually taken but part of the lot on which it stands is taken, and the necessary support given by an adjoining house is taken by a street, whereby the end of the house must fall down.

The Constitution of 1874, art. 16, § 8, provides that "municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured, or destroyed by the construction or enlargement of their works, highways, or improvements."

Corporations in which the legislature has vested the right of eminent domain are by this section made liable for damages resulting to private property from the construction, use, or alteration of their works, ways, or other improvements; in other words, to such damages as are ordinarily called consequential. Pusey v. Allegheny, 98 Pa. 526; Reading v. Althouse, 93 Pa. 406.

If the plaintiff's house, instead of being supported by Worth's house, were (under similar circumstances as to ownership at the time of building) supported by props resting upon the Worth property, and the city had by the opening of its streets removed these props and thrown down the wall, the city would have been responsible. It will be remembered also that by the opening of this street the property of the plaintiff, on which this house stands, is entered upon and part of it taken. The plaintiff's house, it is true, is not removed but it is "injured," which brings this case within the act of 1854, and also "injured" so as to bring it within the provisions of the Constitution of 1874.

*H. Carpenter,* for defendant in error.—The line of Filbert street does not touch the house for which the plaintiff claims damage.

It is incumbent on Ambrose Worth to protect Caroline Snyder's house in the event of the removal of his house, that might be an element of consequential damage to him under the decisions in Pusey v. Allegheny, 98 Pa. 526, and Reading v. Alt-

house, 93 Pa. 406. But in this case the cause is too remote to bring it under those decisions.

OPINION BY MR. JUSTICE GREEN:

As we understand the facts of this case the Worth house must be taken down, in order to open Filbert street. It is testified that the plaintiff's house will have no gable end when the Worth house is taken down. If such is the case, the plaintiff's house will certainly be injured by the removal of the Worth house; and as this removal is a necessary part of the opening of Filbert street, we cannot avoid the conclusion that the opening of the street is, or will be, the direct cause of the injury to the plaintiff's house. This being so, the case comes within the operation of § 8, art. 16, Const. 1874, and should have been submitted to the jury, with proper instructions.

Judgment reversed and new *venire* awarded.